IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA BAILEY ) | |
| ) | Civil Action No.  2:21-cv-674 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONNELLSVILLE AREA ) | |
| SCHOOL DISTRICT and ) | |
| DANIELLE GOLDEN, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANGELA BAILEY, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.      Plaintiff, Angela Bailey, is an adult individual who resides in Fayette County, Pennsylvania.

6.      Defendant, Connellsville Area School District ("District"), is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 732 Rockridge Road, Connellsville, Pennsylvania 15425.  At all times relevant hereto, Defendants District was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

7.      At all times relevant to this Complaint, Connellsville Area Middle School ("CAMS") was, and is, a subdivision of Defendant District, located at 710 Locust Street Ext., Connellsville, Pennsylvania, 15425.

8.      Defendant, Danielle Golden ("Golden"), is an adult individual.  Plaintiff believes, and therefore avers, that Defendant Golden is a resident of Fayette County, Pennsylvania.

## FACTUAL ALLEGATIONS

9.      At all times relevant to this Complaint, Plaintiff was, and is, an emotional support teacher employed by Defendant District at CAMS.

10.     At all times relevant to this Complaint, Defendant Golden was, and is, a teacher employed by Defendant District at CAMS.

11.     As part of her regular job duties as an emotional support teacher, Plaintiff creates and/or oversee the individualized education programs ("IEPs") of several students at CAMS.

12.     On or about September 9, 2020, Defendant Golden approached the Plaintiff and demanded that she remove four (4) students with IEPs from Defendant Golden's class and place them in a separate class.

13. As more fully described hereinbelow, there was, and is, no legitimate reason and/or justification for Defendant Golden's request.

14. Defendant Golden was informed by CAMS' school counselor, David Tangretti, that she would need the Plaintiff's approval for the removal of the aforementioned students from her class, as Plaintiff is assigned to oversee these students.

15. Mr. Tangretti also informed Defendant Golden that these students had been at their current level for at least one (1) year prior to the time of Defendant Golden's request and, because it was only the beginning of the academic year, that it was in the students' best interest if the Plaintiff waited before making any changes.

16. Defendant Golden informed the Plaintiff and Mr. Tangretti, separately, that she refused to have the aforementioned students in her class because it would affect her Pennsylvania Value-Added Assessment System ("PVAAS") scores.

17. Plaintiff denied Defendant Golden's request to remove the aforementioned students from Defendant Golden's class at that time, as the requested removal would likely negatively impact these students and their IEPs.

18. Defendant Golden did not accept Plaintiff's and Mr. Tangretti's reasoning, as more fully described hereinbefore above, and threatened to speak to the parents of the aforementioned students in order to remove them from her class.

19. Thereafter, Plaintiff reported Defendant Golden's inappropriate and unprofessional behavior to CAMS' principal, Geoffrey Snyder ("Snyder"), and Defendant District's director of special education and pupil services, Nick Damico ("Damico").

20. Thereafter, Defendant Golden began to harass and defame the Plaintiff. Plaintiff believes, and therefore avers, that this conduct was in retaliation for Plaintiff's refusal to

3

acquiesce to Defendant Golden's demand to remove students from her class, as more fully described hereinbefore above.

21. On or about November 7, 2020, Plaintiff was granted access to a shared electronic folder for CAMS eighth grade English language arts teachers by another teacher, Donna Fosbrink ("Fosbrink"), in order for Plaintiff to have access to materials and assist her students.

22. Thereafter, Defendant Golden removed the Plaintiff from the shared folder over four (4) times, despite the approval of several other teachers and Mr. Snyder for Plaintiff to have access to this shared electronic folder.

23. Plaintiff believes, and therefore avers, that the above-described harassment was done by Ms. Golden in retaliation for Plaintiff's refusal to acquiesce to Defendant Golden's demand to remove students from her class, as more fully described hereinbefore above.

24. Defendant Golden also made false statements to other teachers that the Plaintiff helped her students cheat on assignments by providing them with answer keys. This was, and is, materially false.

25. These false and defamatory statements by Defendant Golden, as more fully described hereinbefore above, negatively affected the Plaintiff's reputation, placed her in a false light among her peers and caused the Plaintiff emotional distress.

26. Plaintiff believes, and therefore avers, that the above-described defamation was done by Ms. Golden in retaliation for Plaintiff's refusal to acquiesce to Defendant Golden's demand to remove students from her class, as more fully described hereinbefore above.

27. Plaintiff continually reported the harassment and defamation by Defendant Golden to several of Defendant District's representatives, including, but not limited to, Mr. Snyder, Mr. Damico, and Defendant District's superintendent, Joseph A. Bradley ("Bradley").

28. On or about December 15, 2020, Defendant District notified the Plaintiff that Defendant Golden had filed a complaint against the Plaintiff for "daily harassment."

29. Defendant District did not provide the Plaintiff with any further information at that time.

30. Plaintiff made several requests for information about Defendant Golden's complaint against her. However, Defendant District never provided the Plaintiff with any details of the alleged harassment.

31. As a direct and proximate result of Defendant Golden's complaint against the Plaintiff, Defendant District created a "safety plan" in which Defendant Golden and the Plaintiff were to have no contact with each other outside of their job duties.

32. Defendant Golden continually disregarded this safety plan, including, but not limited to, following the Plaintiff into restrooms.

33. On or about January 5, 2021, Plaintiff filed a complaint of harassment and defamation against Defendant Golden for her repeated unprofessional conduct, as more fully described hereinbefore above.

34. Plaintiff believes, and therefore avers, that Defendant District failed properly investigate her verbal and written claims of harassment by Defendant Golden pursuant to Defendant District's policies, procedures and/or past practices.

35. Sometime thereafter, Defendant District informed the Plaintiff that her complaint of harassment by Defendant Golden was dismissed because the Plaintiff completed the incorrect form.

36. At or around that time, Defendant District proposed a mediation between the parties in order to resolve the ongoing issues, as more fully described hereinbefore above. Plaintiff agreed to the proposed mediation; Defendant Golden refused.

37. On or about February 19, 2021, Defendant Golden made a false report to Defendant District's school resource officer that the Plaintiff had a firearm in her vehicle on school property. This was, and is, materially false.

38. Plaintiff believes, and therefore avers, that Defendant Golden falsely accused the Plaintiff of keeping a firearm in her vehicle on school property in order to defame the Plaintiff's character.

39. Defendant District investigated Defendant Golden's false and defamatory claim and found no such firearm in Plaintiff's vehicle.

40. In a letter dated March 23, 2021, Defendant District informed the Plaintiff that it had reviewed Defendant Golden's complaint against her. Defendant District further stated that Plaintiff would be punished if any harassment "continued."

41. The above-described letter, however, also stated that Defendant Golden's complaint had "limited merit."

42. Defendant District also informed the Plaintiff in its letter dated March 23, 2021 that the letter would be placed in the Plaintiff's personnel file.

43. Plaintiff believes, and therefore avers, that Defendant District failed properly investigate the Defendant Golden's claims against the Plaintiff, as more fully described hereinbefore above, pursuant to Defendant District's policies, procedures and/or past practices.

44. Defendant District did not contact several witnesses that were provided to Defendant District by the Plaintiff.

45. Defendant District never provided the Plaintiff with any documentation or information about the alleged harassment and only indicated that Defendant Golden claimed that there was

"daily harassment" by the Plaintiff. Because of this failure to provide documentation or information to the Plaintiff, Plaintiff could not properly respond to such outrageous accusations.

46. Moreover, Defendant Golden refused any type of arbitration or mediation between the parties to resolve the above-described issues.

47. Plaintiff is in the process of grieving this placement of the letter, as more fully described in Paragraphs 40 through 42, in her personnel file through her union.

COUNT I:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

48.     Plaintiff incorporates by reference Paragraphs 1 through 47 as though fully set forth at length herein.

49.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant District for violations of Plaintiff's constitutional rights under color of law.

50.     As described hereinbefore above, Plaintiff believes, and therefore avers, that Defendant District failed to properly investigate her verbal and written claims of harassment by Defendant Golden pursuant to Defendant District's policies, procedures and/or past practices.

51.     As described hereinbefore above, Plaintiff believes, and therefore avers, that Defendant District also failed to properly investigate Defendant Golden's claims against the Plaintiff pursuant to Defendant District's policies, procedures and/or past practices.

52.     Defendant District did not contact several witnesses provided by the Plaintiff to Defendant District.

53.     Defendant District never provided the Plaintiff with any documentation or information about the alleged harassment and only indicated that Defendant Golden claimed "daily harassment" by the Plaintiff.  Because of this failure to provide documentation or information to the Plaintiff, Plaintiff could not properly respond to such outrageous accusations.

54. At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a constitutionally protected property interest in her position as teacher.

63. Defendants deprived Plaintiff of his constitutionally protected property interest in her position as teacher when it failed to properly investigate the claims against Plaintiff by Defendant Golden.

65. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff suffered the following injuries and damages:

   a. Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated;

   b. Plaintiff suffered irreparable damage to her reputation; and

   c. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant District in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT GOLDEN

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

DEFAMATION

55. Plaintiff incorporates by reference Paragraphs 1 through 54 as though fully set forth at length herein.

56. As more fully described hereinbefore above, Defendant Golden made false statements to other teachers that Plaintiff helped her students cheat on assignments by providing them answer keys. This was, and is, materially false.

57. As more fully described hereinbefore above, Defendant Golden falsely accused the Plaintiff of keeping a firearm in her vehicle on school property in order to defame the Plaintiff's character.

58. This false and defamatory statements and claims by Defendant Golden negatively affected the Plaintiff's reputation, placed her in a false light among her peers and caused the Plaintiff emotional distress

59. As a direct and proximate result of the actions of the Defendant, as set forth above, the Plaintiff was injured and damaged as follows:

    a. violation of Plaintiff's Pennsylvania Common Law rights;

    b. Plaintiff suffered economic damages related to any and all consequential costs;

    c. Plaintiff's reputation has been damaged;

    e. Plaintiff has suffered other injuries and incurred damages which may become apparent throughout this litigation.

WHEREFORE, for all the above reasons, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: May 20, 2021